

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PORTIA MASON, | ) | Case No. CV 21-7868 FMO (KSx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| INTERIOR DEFINE, INC., et al., | ) | |
| Defendant. | ) | |

On October 25, 2021, the court issued a Standing Order Re: ADA Accessibility Cases (see Dkt. 11, Court's Order of October 25, 2021), which ordered plaintiff to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the defendant. (Id. at 2). The court admonished plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against whom entry of default should have been sought." (Id. at 2-3) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, defendant was served with the summons and complaint on October 12, 2021, by personal service. (See Dkt. 9, Proof of Service); (Dkt. 14, Proof of Service). Accordingly, defendant's responsive pleading to the Complaint was due no later than November 2, 2021. See Fed. R. Civ. P. 12(a). As of the date of this Order, defendant has not answered the complaint, nor

1    has plaintiff filed a valid request for entry of default.  (See, generally, Dkt.).  Plaintiff filed a deficient

2    request for entry of default on November 4, 2021.  (See Dkt. 12, Request for Clerk's Entry of

3    Default As to Defendant Interior Define, Inc.).  The Clerk of Court issued a Notice of Deficiency

4    on November 5, 2021, explaining that the Proof of Service lacked the required information and

5    directing plaintiff to "file a new Request/Application with noted deficiencies corrected in order to

6    have default reconsidered."  (Dkt. 13, Notice of Deficiency) (emphasis in original).  Although

7    plaintiff filed a new version of the Proof of Service on November 10, 2021, (see Dkt. 14, Proof of

8    Service), he has not filed a new request for entry of default with the required information.  (See,

9    generally, Dkt.).

10          A district court may dismiss an action for failure to prosecute or to comply with court orders.

11    Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure

12    to prosecute necessary to avoid undue delay in disposing of cases and congestion in court

13    calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss

14    action for failure to comply with any court order).  Dismissal, however, is a severe penalty and

15    should be imposed only after consideration of the relevant factors in favor of and against this

16    extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).

17    These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's

18    need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

19    of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

20    Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see

21    Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text,

22    a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to

23    comply.").  "Although it is preferred, it is not required that the district court make explicit findings

24    in order to show that it has considered these factors and [the Ninth Circuit] may review the record

25    independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at

26    1261.

27

28

1    Having considered the Pagtalunan factors, the court is persuaded that this action should

2    be dismissed for failure to comply with a court order and failure to prosecute.  Plaintiff's failure to

3    file a valid request for entry of default hinders the court's ability to move this case toward

4    disposition and indicates that plaintiff does not intend to litigate this action.  In other words,

5    plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing

6    [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d

7    983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that

8    failure to file a request for entry of default would result in a dismissal of the action for lack of

9    prosecution and failure to comply with a court order.  (See Dkt. 11, Court's Order of October 25,

10   2021, at 2-3); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his

11   failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives

12   requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan

13   factors, the court is persuaded that the instant action should be dismissed for failure to comply

14   with a court order and failure to prosecute.

15   Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action,

16   without prejudice, for failure to prosecute and comply with the orders of the court.

17   Dated this 24th day of November, 2021.

18                                                     /s/
                                          Fernando M. Olguin
19                                        United States District Judge

20

21

22

23

24

25

26

27

28

3